Robert R. Berk, Bar #010162
Charles M. Callahan, Bar #014984
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-7392
Fax: (602) 200-7865
rberk@jshfirm.com
ccallahan@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendants Aspen Group, Inc.
and Aspen University, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kristen Stewart, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Aspen Group, Inc., a Delaware corporation; Aspen University, Inc., a Delaware corporation,<br><br>　　　　　　　　　Defendants. | No.<br><br>**NOTICE OF REMOVAL OF CLASS ACTION** |

　　　　Defendants Aspen Group, Inc. and Aspen University, Inc. hereby notice the removal of the above-captioned case from Maricopa County Superior Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the Class Action Fairness Act ("CAFA") or, in the alternative, diversity of citizenship, and in support of removal states:

　　　　1.　　On April 6, 2022, Plaintiff commenced an action in the Superior Court of the State of Arizona in Maricopa County under the caption *Kristen Stewart, individually and on behalf of all others similarly situated v. Aspen Group, Inc., a Delaware corporation; and Aspen University, Inc., a Delaware corporation,* CV2022-004347. A copy of Plaintiff's Class Action Complaint filed on April 6, 2022 is attached hereto as **Exhibit A**.

10609948.1

2.      Defendants were served with copies of the Class Action Complaint on April 11, 2022. This Notice of Removal is filed within thirty (30) days after service of the Class Action Complaint and is therefore timely filed under 28 U.S. C. § 1446(d).

3.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2). Specifically, pursuant to CAFA, this Court has original jurisdiction over any class action that (a) has a minimum of 100 class members, (b) exceeds $5 million, and (c) includes at least one diverse plaintiff.[1]  28 U.S.C. § 1332(d)(2), (5). Each of those criteria are met here:

    a.   Plaintiff alleges the putative class contains "at least 700 Class members." (Exhibit A at ¶ 69.)

    b.   Plaintiff alleges, in part, damages for annual tuition charges (for a three-year program) of approximately $51,000. (Exhibit A at ¶ 32.) Therefore, the aggregated amount in controversy (annual tuition charges for the alleged 700 members of the putative class) exceeds $5 million. 28 U.S.C. § 1332(d)(6)

    c.   Plaintiff Kristen Stewart alleges in her Class Action Complaint that she is a resident of Maricopa County, Arizona (*see* Exhibit A at ¶ 23); Defendant Aspen Group, Inc. is a Delaware corporation (*see* Exhibit A at ¶ 18) whose principal place of business is in Wilmington, Delaware; and Defendant Aspen University, Inc. is a Delaware corporation (*see* Exhibit A at ¶ 19) whose principal place of business is in New York, New York. There is, therefore, at least one diverse plaintiff. Indeed, Plaintiff alleges all of the members of the putative class are

---

[1] Defendants dispute the existence of a certifiable class. For removal purposes under CAFA, however, the relevant inquiry is not the existence of an actual class but Plaintiff's allegations regarding the proposed class. *See* 28 U.S.C. § 1711(4); 28 U.S.C. § 1332(d)(1)(D).

2

10609948.1

Arizona residents such that the diversity requirement is easily met.  (Exhibit A at ¶ 68.)

4. In the alternative, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, in that it is an action between citizens of different states.

5. Under CAFA, "[a] class action may be removed to a district court of the United States…without regard to whether any defendant is a citizen of the State in which the action is brought…" 28 U.S.C. § 1453(b).

6. Regardless, there is complete diversity among the parties, including all members of the putative class.  The citizenship of the parties is as follows: Plaintiff Kristen Stewart alleges in her Class Action Complaint that she is a resident of Maricopa County, Arizona (Exhibit A at ¶ 23); Plaintiff alleges the putative class consists only of "Arizona residents" (Exhibit A at ¶ 68) and Plaintiff only seeks relief on behalf of herself and the "Arizona Class" (Exhibit A at ¶ 17); Defendant Aspen Group, Inc. is a Delaware corporation (Exhibit A at ¶ 18) whose principal place of business is in Wilmington, Delaware; and Defendant Aspen University, Inc. is a Delaware corporation (Exhibit A at ¶ 19) whose principal place of business is in New York, New York.

7. The amount in controversy requirement for original jurisdiction ($75,000) is met if any member of the putative class could potentially claim damages in excess of $75,000. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611 (2005).  Plaintiff alleges damages of annual tuition costs ($51,445) for Defendants' three-year Bachelor of Science in Nursing program ("BSN Program"). (Exhibit A at ¶¶ 1, 32.)  Any member of the putative class who claims tuition costs for two or three years of the three-year BSN Program exceeds the limits for diversity jurisdiction. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441, *et seq.*

8. Although Defendants deny that Plaintiff is entitled to any relief whatsoever, Defendants believe, in good faith, that the amount in controversy with respect

3

10609948.1

1  to Plaintiff's individual claims, alone, will exceed $75,000.00, exclusive of costs and
2  interest.
3         9.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a
4  Notice of Filing Notice of Removal, a true and correct copy of which is attached hereto as
5  **Exhibit B**, in the Arizona Superior Court, Maricopa County.
6         10.     Pursuant to 28 U.S.C. §1446(a), attached as **Exhibit C** are copies of
7  all process, pleadings, and orders served upon Defendants that are not otherwise previously
8  referenced in this Notice of Removal.
9         11.     By filing this Notice of Removal, Defendants do not waive any
10 defenses that may be available to them.
11        WHEREFORE, Defendants Aspen Group, Inc. and Aspen University, Inc.
12 respectfully request that the above-entitled action now pending in Arizona Superior Court,
13 Maricopa County, be removed to this Court.
14
15       DATED this 11th day of May, 2022.
16                       JONES, SKELTON & HOCHULI, P.L.C.
17
18                       By /s/ Charles M. Callahan
19                         Robert R. Berk
                        Charles M. Callahan
20                         40 N. Central Avenue, Suite 2700
                        Phoenix, Arizona 85004
21                         Attorneys for Defendants Aspen Group,
                        Inc. and Aspen University, Inc.
22
23
24
25
26
27
28

4

10609948.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

| | |
|---|---|
| Andrew S. Friedman<br>Francis J. Balint, Jr.<br>Bonnett, Fairbourn, Friedman & Balint, P.C.<br>2325 East Camelback Road, Suite 300<br>Phoenix, Arizona 85016 | William F. King<br>Gallagher & Kennedy, P.A.<br>2575 East Camelback Road<br>Phoenix, Arizona 86016 |

Don Bivens
Don Bivens, PLC
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona 85254

/s/Tammy Carbajal

5

10609948.1