IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen Stewart,<br><br>    Plaintiff,<br><br>v.<br><br>Aspen Group Incorporated, et al.,<br><br>    Defendants. | No. CV-22-00818-PHX-DLR<br><br>**FINAL APPROVAL ORDER** |

Before the Court is Plaintiff's Motion for Final Certification of Settlement Class, Approval of Proposed Class Settlement, and Approval of Defendants' Payment of Class Fees, Litigation Expenses, and Service Award ("Final Approval Motion") (Doc. 40). The Court having read, considered, and preliminarily approved the Stipulation of Settlement and its exhibits (Doc. 39), and having reviewed and considered the Final Approval Motion, now makes the following findings:

**FINDINGS OF FACT**

1. Plaintiff Kristen Stewart ("Plaintiff") filed the instant lawsuit, in which she alleged that Defendants Aspen Group Incorporated and Aspen University, Inc. (collectively, "Defendants") violated Arizona's Consumer Fraud Act, A.R.S. § 44-1521 *et seq.* by omitting several alleged, material deficiencies with the Defendants' BSN Program offered at their Arizona locations, several of which were denominated in the Arizona State Board of Nursing's Notice of Charges dated February 18, 2022.

2. Defendants deny all material allegations in Plaintiff's Complaint, as to which Defendants assert numerous defenses and maintain that the requirements of a litigation class action have not been met.

3. After the lawsuit was filed, Plaintiff conducted written formal and informal discovery, to which Defendants responded.

4. On June 29, 2023, the Parties reached a Proposed Settlement that provides substantial benefits to the Settlement Class Members, in return for a release and dismissal of claims against the Defendants. The settlement was reached after the Parties engaged in extensive and lengthy arms-length negotiations, including an approximate 10-hour mediation before Mark G. Worischeck. Class Counsel was well-positioned to evaluate the benefits of the settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

5. Plaintiff and Defendants executed a Stipulation of Settlement and exhibits thereto (collectively, the "Stipulation") on September 18, 2023. Dkt. 38-1 at ECR 10.

6. On October 2, 2023, Plaintiff filed with the Court her Unopposed Motion for Preliminary Certification of Settlement Class, Appointment of Settlement Class Representative and Class Counsel, and Preliminary Approval of Proposed Settlement Class (Dkt. 38) and her counsel's supporting declaration (Dkt. 38-1), which attached the Stipulation and its Exhibits.

7. The Stipulation is incorporated by reference in this Order and all terms defined in the Stipulation will have the same meanings in this Order.

8. On October 4, 2023, the Court entered an Order preliminarily approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the Class as a class action for settlement purposes only.

9. As part of the Preliminary Approval Order, the Court certified for settlement purposes only a class ("Settlement Class") defined as follows:

> All persons who, during the Class Period, (a) were in the Cohort or (b) had otherwise completed more than 15 hours enrolled in Aspen's BSN

Prerequisite Program in Arizona, but could not enter the BSN Core Program or continue with the BSN Prerequisite Program because of the Arizona Board of Nursing's regulatory actions taken against Defendants.

Excluded from the Settlement Class are: (1) Defendants and their affiliates, officers, and directors; (2) members of the judiciary (and their staff) to whom this Action is assigned; (3) those persons who have previously asserted individual claims against Defendants arising out the same factual predicate alleged in Plaintiff's Complaint in this action; (4) those persons who have received a reimbursement of tuition from Defendants, or have otherwise previously settled their claims against Defendants arising out the same factual predicate alleged in Plaintiff's Complaint in this action; (5) those persons who were, as of February 2022, permitted to continue their enrollment in the BSN Core Program; and (6) those persons who choose to exclude themselves from the Settlement Class under the opt-out procedures set forth in Section VI.

"BSN Core Program" means the second- and third-year nursing Core components and curriculum offered to students in preparation for taking the NCLEX, or The National Council Licensure Examination.

"BSN Prerequisite Program" means the first-year pre-professional nursing component and curriculum offered to students that have completed less than the required 41 pre-requisite general education credits for entry into the BSN Core Program.

"Class Period" means February 15, 2022, through September 20, 2022.

"Cohort" means the 53 students who were enrolled in Aspen's Arizona BSN Program during the Class Period and had been admitted to, but could not commence, Aspen's BSN Core Program because of the Arizona Board of Nursing's regulatory actions taken against Defendants.

10.   On November 30, 2023, Plaintiff applied to the Court for (a) final approval of the terms of the Proposed Settlement, (b) approval of a common fund fee award of $137,500, approval of Plaintiff's litigation expenses in the amount of $12,500, and a class representative service award for $5,000, and (c) for entry of this Final Approval Order. Dkt. 40.  In support, Plaintiff submitted briefing and evidence showing: the dissemination and adequacy of the Class Notice; the negotiation of the Stipulation; the fairness,

reasonableness, and adequacy of the Stipulation and Plan of Allocation; and the fairness, reasonableness, and adequacy of Class Counsel's request for attorneys' fees, costs and class representatives' payment.

11. Defendants have satisfactorily demonstrated that the Class Notice was Mailed, in accordance with the Stipulation and Preliminary Approval Order.

12. All notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and Defendants have fully complied with the notice requirements under that Act.

13. The Settlement provides substantial monetary benefits to qualifying Settlement Class Members. The Plan of Allocation is fair and provides Settlement Class Members reasonable monetary compensation.

14. All potential Settlement Class Members were provided an opportunity to request exclusion as provided in the Stipulation. No requests for exclusion were received.

15. All Settlement Class Members were provided an opportunity to object to the Proposed Settlement. No objections were filed.

16. Settlement Class Members who did not timely file and serve a written objection to the Stipulation, to the entry of this Final Approval Order, or to Plaintiff's Motion for Final Certification of Settlement Class, Approval of Proposed Class Settlement, and Approval of Defendants' Payment of Class Fees, Litigation Expenses, and Service Award, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

17. The Court has considered, among other matters: (a) whether certification for settlement purposes only was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and adequacy of the Proposed Settlement and Stipulation; and (c) the fairness and reasonableness of Plaintiff's common fund award of attorneys' fees, litigation expenses, and request for a $5,000 service award under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments

of Class Counsel and Defendants' Counsel, but rigorously and independently evaluated the Motion for Final Certification of Settlement Class, Approval of Proposed Class Settlement, and Approval of Defendants' Payment of Class Fees, Litigation Expenses, and Service Award.

18.   On the basis of the matters presented in this lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In particular, the Court finds:

   a.   The liability issues in this lawsuit and the suitability of this lawsuit for certification of a litigation class would be vigorously contested, particularly in respect to litigation manageability requirements;

   b.   The Proposed Settlement has the benefit of providing substantial benefits to Settlement Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

   c.   The Proposed Settlement is clearly a product of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel and Defendants; and

   d.   A common fund payment of reasonable attorneys' fees, reimbursed litigation expenses, and service awards is fair, reasonable, and in all respects consistent with the terms of the Stipulation.

**CONCLUSIONS OF LAW**

19.   The Court has personal jurisdiction over the Plaintiff, Defendants, and Settlement Class Members; venue is proper and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Settlement Class, to settle and release all claims arising out of the lawsuit, and to enter this Final Approval Order and dismiss this lawsuit on the merits and with prejudice.

20. For settlement purposes only, the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the Arizona and United States Constitutions, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the class certification ruling, the Court specifically finds as follows:

    a. The Settlement Class Members are ascertainable and the class is so numerous that joinder of all members is impracticable;

    b. Questions of law and fact are common to all Settlement Class Members;

    c. The Representative Plaintiff's claims are typical of those of the Settlement Class;

    d. The Representative Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement;

    e. Class Counsel meets the standard for appointment under Rule 23(g);

    f. Questions of law or fact common to the Settlement Class predominate over questions affecting only individual members; and

    g. A class action is superior to other available methods for fairly and efficiently resolving the controversy.

21. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice was Mailed to potential Settlement Class Members in accordance with the provisions of the Preliminary Approval Order, and:

    a. Constituted, under the circumstances, the best practicable notice of the pendency of the lawsuit, the Stipulation, and Plaintiff's Motion for Final Certification of Settlement Class, Approval of Proposed Class Settlement, and Approval of Defendants' Payment of Class Fees, Litigation Expenses, and Service

Award, to all Settlement Class Members who could be identified through reasonable effort; and

    b.    Meets the requirements of the Federal Rules of Civil Procedure, due process under the Arizona and United States Constitutions, and any other applicable rules or law.

22. Settlement Class Members were given notice and an opportunity to object to the Proposed Settlement.

23. The unanimous Class support for the Proposed Settlement and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arm's-length negotiations between the Plaintiff and Defendants, with no collusion or fraud and the Court does hereby so find.

24. Approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the terms of the Stipulation are fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objects sufficient to deny approval.

25. The settlement of the lawsuit on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interests of the Settlement Class, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible appeal of this complex litigation.

26. A review of the following factors supports a finding that the Proposed Settlement is fair reasonable and adequate: the relative strength of the Plaintiff's case (including the strength of Defendants' defenses); the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members

to the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

27. Although the Class Notice campaign was effective and resulted in Class Notice being mailed to all Settlement Class Members, no Class Members requested to be excluded from the class and no Class Members filed objections to the Stipulation. The lack of a single exclusion request and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Proposed Settlement.

28. The Court, in evaluating the fairness, reasonableness, and adequacy of the Proposed Settlement, finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Hanlon* factors.

29. Any Settlement Class Member who did not timely request exclusion from the Settlement Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

30. Pursuant to Federal Rule 23(e)(2), the Court expressly adjudges that (a) the Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated at arm's length; (c) the relief provided under the Settlement for the Class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of any proposed award of attorney's fees, including timing of payment, and any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement treats Class members equitably relative to each other.

31. Plaintiff's Counsel's requests for Court approval of the common fund payment of $137,500.00 in attorneys' fees, and $12,500.00 in reimbursed litigation expenses, and the Representative Plaintiff's service award of $5,000.00 are fair, reasonable, and adequate.

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED:**

A. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

B. No requests for exclusion were submitted and thus no potential Class Members are excluded from the Settlement Class.

C. All members of the Settlement Class are bound by this Final Approval Order, the forthcoming Judgment, and the Stipulation, including the releases provided for in Paragraphs 68-71 of the Stipulation and in this Final Order.

D. The Motion for Final Approval (Doc. 40) is GRANTED and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are hereby directed to comply with and consummate the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

E. The Court orders the Clerk to enter Judgment as to all claims in the Action between the Representative Plaintiff, Settlement Class Members, and Defendants, and the Court approves and adopts all terms and conditions of the Proposed Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiff and the Settlement Class Members in this lawsuit against Defendants and as to Released Persons, on the merits and with prejudice, without leave to amend. The Court expressly determines that there is no just reason for delay in entering Final Judgment.

F. Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiff Kristen Stewart is appointed as the Representative Plaintiff for the Settlement Class, and the following counsel are appointed as counsel for the Settlement Class:

> Andrew S. Friedman
> Francis J. Balint, Jr.
> Bonnett, Fairbourn, Friedman & Balint, P.C.
> 7301 N. 16th Street, Suite 102
> Phoenix, Arizona 85020
> Telephone: (602) 274-1100

William F. King
Gallagher & Kennedy, P.A.
2575 E. Camelback Rd.
Phoenix, Arizona 85016
Telephone: (602) 530-8000

G. Upon the Implementation Date, the Representative Plaintiff, all Settlement Class Members and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Approval Order and the entry of Judgment and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Stipulation, and shall be conclusively bound by this Final Order and the Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Settlement Class Members who did not timely and properly exclude themselves from the Settlement Class are deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation. The Stipulation shall be the exclusive remedy for all Settlement Class Members with regards to Released Claims.

H. Although the definitions in the Stipulation are incorporated in and are part of this Final Order and the Judgment, the following definitions from the Stipulation are repeated for ease of reference:

i. "Released Claims" means and includes, to the full extent of claim preclusion and *res judicata* principles: any and all known claims, Unknown Claims (as defined below), rights, demands, actions, causes of action, allegations, demands for money, or suits of whatever kind or nature (including but not limited to suits for breach of contract, breach of implied covenant, reasonable expectations, negligence, statutory or common-law bad faith, unfair claims settlement practices, statutory

violation, unjust enrichment, fraud, constructive fraud, misrepresentation, deceptive trade practices, unfair practices, declaratory judgment and injunction) that were or could have been brought against the Released Persons, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages), arising from the same factual predicate alleged in Plaintiff's Complaint.

ii. "Unknown Claims" means any claims arising out of existing facts found hereafter to be other than or different from the facts now believed or suspected to be true, relating to any matter covered by this Settlement and as to any of the Released Claims. Upon the Implementation Date, each Settlement Class Member will expressly waive any and all Unknown Claims to the full extent permitted by law, and to the full extent of claim preclusion and *res judicata* protections. Plaintiff acknowledges for herself and the Settlement Class Members that they are aware that they may hereafter discover presently Unknown Claims occurring or arising during the Class Period. Nevertheless, it is the intention of Plaintiff in executing the Settlement for herself and the Settlement Class Members that they fully, finally and forever settle and release all such matters, and all claims relating thereto, which exist or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Released Claims.

iii. "Released Persons" means the Parties and their parents, subsidiaries, affiliates, attorneys in fact, successors and predecessors in interest, assigns, acquirers, divisions, heirs, officers, directors, shareholders, representatives, agents, managing agents, employees, independent contractors, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, re-insurers, legal representatives and/or consultants.

I. To protect the continuing jurisdiction of the Court and to protect and effectuate this Final Approval Order, the Court permanently and forever bars and enjoins

the Representative Plaintiff and all Settlement Class Members, and anyone acting or purporting to act on her or their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

J.   This Final Approval Order, the Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be:

i.   Construed as an admission or concession by Defendants of the truth of any of the allegations in the lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of Defendants;

ii.   Offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Defendants or that this lawsuit may be properly maintained as a litigation or arbitration class action;

iii.   Offered into evidence in the lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Defendants; or

iv.   Otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against Defendants.

K.   This Final Approval Order, entry of Judgment, and the Stipulation may be filed in any other action against or by any Released Person to support any argument, defense, or counterclaim, including but not limited to those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

1    L.   Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Plaintiff's request for a common fee award in the total sum of $137,500.00 in attorneys' fees and $12,500 in costs is granted. In addition, the Court approves a common fund service award of $5,000 to Plaintiff. The Court hereby finds all such amounts are fair and reasonable. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and costs awarded by the Court.

M.   Payments to Settlement Class Members shall be made in the amounts and within the time period, and in the manner described in the Stipulation and Allocation Plan. Any unspent funds budgeted for administration expenses shall be included in the Settlement Common Fund.

N.   Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

O.   The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

P.   Without in any way affecting the finality of this Final Approval Order or the Judgment, this Court shall retain continuing jurisdiction over this lawsuit for purposes of:

  i.   Enforcing the Stipulation and the Proposed Settlement;

  ii.  Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

  iii. Any other matters related or ancillary to any of the foregoing.

Dated this 9th day of January, 2024.

Douglas L. Rayes
United States District Judge